That the vice president permitted the president and cashier to borrow large sums of money for themselves or for (310) corporations practically owned by them, upon inadequate security, and fraudulently suppressed such loans in making up the official reports of the condition of the bank, and that the directors knew or by due diligence ought to have known of such conduct, is admitted to be true by the demurrer. A cause of action on this ground, if otherwise sufficiently stated, is not a misjoinder, for it is simply an allegation of one of the many acts of negligence, recklessness and failure of duty which go to make up the liability of the defendants, as set forth in the first and second causes of action; nor was there a failure to state a cause of action for any of the reasons set out in the demurrer, i.e., that the bank or receiver had not been requested to bring the action (which in point of fact is alleged), nor because there was no privity between the plaintiff and defendants, nor because the *Page 187 
deceit was not sufficiently charged, nor because the plaintiff is not averred to have made any new deposit, but had merely permitted the deposit already in the bank to remain there after his succession to office. All these grounds are disposed of by the opinion in the defendant's appeal in this case. It seems to us, however, that there was a failure to state a cause of action in the third cause of action, in that, though it is averred in the complaint that the loans recited in that cause of action were made "upon inadequate security," and were suppressed and not included in the official reports, it is not averred that they were lost or cannot now be collected, or that their loss caused the insolvency of the bank or in anywise affected the plaintiff injuriously. His Honor therefore correctly held that a cause of action was not stated in this third cause of action, for a defect of that kind can be taken ex mero motu by the court below, or here, though not specifically assigned by demurrer.
No Error.
Cited: Solomon v. Bates, post, 322; Caldwell v. Bates, post, 323, 324;Coble v. Beall, 130 N.C. 537; Howell v. Fuller, 157 N.C. 318.
(311)